| 7 | 779 |
|---|---|
| 114 | 48 |

## LITCHFIELD, USE, &c. v. ALLEN & FALCONER.

1. The provision of the act of 1828, which requires the consent of the indorser, in order to excuse the failure of the indorsee to sue the maker or obligor within the time prescribed, to be given in writing, applies only where the amount in controversy does not exceed fifty dollars: in other cases a verbal consent is binding on the indorser.

2. Where, upon the sale of property, the vendor receives a note with an indorsement for a greater amount than the purchase money, and gives his own note to the vendee for the payment of the excess at a day certain, the vendor when sued upon his note, may show in defence to the action that the maker of the indorsed note was insolvent, so that a suit against him would have been unavailing; and this although no action was brought. The insolvency of the maker may be shown by parol evidence—the statute requiring suit to be brought to the first term, &c., only applies when an action is brought by the indorsee against the indorser upon his indorsement.

3. Where the vendor of property receives from the vendee a promissory note (indorsed by the latter) for an amount larger than the purchase money, and gives his own note payable at a day certain for the excess, to entitle the vendor to insist upon the want of consideration when sued on his note, it is not necessary, that he should release the vendee from his indorsement to a corresponding extent; if the defence is successful the plaintiff may claim a deduction from his liability as indorser. Nor will the pendency of a suit, by the vendor (as indorsee) against his indorser, in any manner prejudice the defence; such an action may be maintained to recover the price of the property sold.

Writ of error to the Circuit Court of Greene.

THIS was an action of debt on a bill single, by which the defendants in error on the 7th February, 1836, promised to pay to the plaintiff six hundred and seventeen 50-100 dollars, on the first of January thereafter. The cause was tried on the pleas of want of consideration, and failure of consideration. The plaintiff excepted to the ruling of the Court; and from the bill of exceptions the case may be thus stated. About the first of the year 1836, the defendant, Allen, sold to the plaintiff, a negro man for $800, and received in payment, a note made by Willis A. Arrington, and Anthony S. Arrington, with

the plaintiff's indorsement, for twelve or thirteen hundred dollars, of which James R. Battle was the payee. Allen executed the specialty declared on, for the payment of the difference between the note of the Arringtons and the price of the negro, and the defendant, Falconer, is a mere surety.

The defendants introduced the transcript of the record of a suit, judgment and execution from the County Court of Sumter, in the name of James R. Battle for the use of Allen, against the Arringtons, on their promissory note, for the payment to Battle, on the 1st January, 1837, of the sum of $1,230. The date of the writ showed, that the action was commenced 26th May, 1837, returnable to July term, 1837; judgment was rendered in July, 1838, for $1,379 77-100, besides costs; execution issued 28th July, 1838, and was returned "no property found, 10th September, 1838." It was further proved, that the plaintiff admitted, he consented, that suit against the Arringtons should be delayed, until he should see them, and communicate the result of the interview to Allen: such consent was not shown to have been in writing.

The plaintiff then introduced the transcript of a record from the Circuit Court of Sumter, which showed, that Allen, on the 22d September, 1838, commenced a suit against the plaintiff, upon his indorsement of a note made by the Arringtons for the payment of $1,230 to Battle, on the 1st January, 1837. This suit was still pending.

The Court instructed the jury, that if the note of the Arringtons was regularly indorsed, by Battle as well as the plaintiff, Allen was bound to sue the makers to the first Court after he acquired it; that a verbal contract by the plaintiff, would not excuse the delay, and that the return of no "property found" to an execution, when the suit was brought to a term subsequent, would not show the failure of the consideration of the specialty on which this action was founded. *Further*, if the note of the Arringtons was indorsed by the plaintiff only, then a verbal consent by him to delay suit thereon would excuse the failure of Allen to sue to the first Court; and if he afterwards prosecuted a suit to judgment, execution, and return of "no property found," then the consideration of the specialty had failed; but it devolved upon the defendant to show that the note was not indorsed by the payee.

The plaintiff prayed the Court to charge the jury, that the transcript of the record introduced by the defendant was no evidence that the note of the Arringtons was not indorsed by Battle; but the Court refused the instruction, and charged that they might look to it, and the manner of bringing the suit as a circumstance, though it was not conclusive. The plaintiff further prayed the Court to instruct the jury, that to entitle the defendants to insist upon a failure of consideration by reason of Arringtons' insolvency, they must show that Allen had discharged the plaintiff *pro tanto* from his liability as indorser upon the note of the Arringtons; also that Allen had placed what would be the plaintiff's share of the judgment against the Arringtons under the plaintiff's control, or had offered to do so. Which charges were refused.

The jury returned a verdict for the defendant, and judgment was rendered accordingly.

REAVIS, for the plaintiff in error, made the following points: 1. The charge in respect to the failure of consideration is opposed to the decision of this Court when the present case was here at a previous term. [2 Ala. Rep. 280.] 2 If Allen is prosecuting a suit against the plaintiff on his indorsement as proved, he cannot set up a failure of the consideration of the writing declared on, for the indorsement of which it was given. 3. The transcript of the record adduced by the defendants was not evidence, to show that that the note of the Arringtons had been indorsed by Battle. The note itself should have been produced.

PIERCE, for the defendants. The consent of the indorser, that the indorsee need not sue the makers of the note to the first Court, may have been verbally given; the statute which requires a written consent relates to suits to be brought before justices of the peace.

In admitting the transcript of the record adduced by the defendant in the qualified manner in which it was allowed to go to the jury, there was no error. It was certainly evidence to show who were parties to that suit, what the form of the note, &c.

It was not necessary to show that Litchfield had been discharged from liability as the indorser of the Arringtons' note,

or that his share of the judgment against.them had been placed under his control. The insolvency of the Arringtons being shown by the record, and the consent of the plaintiff not to sue them to the first Court, proved, the defence was fully made out.

· The indorsement of the Arringtons' note, if nothing can be recovered on it, as the return on the execution indicates, is not such a consideration as will make the defendants liable in the present case. If the plaintiff fails to recover, he will not be prejudiced; but may show that the consideration he received for his indorsement was the price of the negro, and thus limit the recovery against him. If the judgment against the Arringtons should ever be made available, the plaintiff may claim his portion of it.

COLLIER, C. J.—When this cause was here several years ago, we said, that " the transfer of a promissory note by indorsement, furnishes a sufficient consideration for a promise by the indorsee, to pay the indorser an equivalent sum, and the *onus* of showing a failure of consideration, is then thrown upon the indorsee." This being the law, it follows, that the indorsement of the Arringtons' note was *prima facie* an equivalent for the specialty on which the action in the case at bar is founded, and it devolves upon the defendants to show that the consideration of the latter has failed.

By the act of 1828, as explained by that of 1829, it is declared, that all contracts in writing, for the payment of money, &c., saving those governed by the rules of the law merchant, &c., may be assigned as heretofore, and the assignee may maintain suit thereon, &c. Provided, it be brought to the first Court of the county where the maker resides, to which suit can be brought, and if he fail to sue the maker, &c., the indorser shall be discharged, unless suit shall be delayed by his consent. When the sum due does not exceed fifty dollars, suit is required to be brought within thirty days after it becomes payable; or if indorsed after maturity within thirty days after the indorsement; unless the indorser consent *in writing*, that further time may be given to the maker or obligor; or unless the maker, &c., is absent from his residence, or it is unknown, unless the indorser require *in writing* the indorsee to bring

suit immediately, &c.   [Clay's Dig. 383, § 12, 15.]   It is perfectly clear, that where the sum due exceeds fifty dollars, that the act cited does not require that the indorsers consent to delay suit against the maker should be in writing ; such a requisition is only made where the amount is within the jurisdiction of a justice of the peace.   The statute being out of the way, there is no rule of law, or policy to prevent a verbal consent from binding the indorser.   This conclusion being attained, it follows, that the plaintiff's consent not to sue the Arringtons to the first Court after their note matured, was equally available for the defendants, whether verbal or written.

In inquiring whether the consideration of the writing now in question has failed, it is not important to consider whether the Arringtons' note was regularly indorsed, both by the payee and the plaintiff.   That would be a material inquiry on the trial of an action against the plaintiff upon his indorsement; for in the absence of consent countervailing the requirement of the statute, greater diligence would be required of the indorser in the one case than the other.   But in the present case, the failure of the defendant, Allen, to pursue his remedy with promptness against the makers of the note indorsed to him, cannot prevent him from insisting upon a failure of consideration, if that remedy would have been unavailing ; or, to speak with more plainness, if the Arringtons were insolvent before a judgment could have been obtained against them, and made productive, and still continue so, although no suit was brought against them, the plaintiff cannot recover.   Where one person gives to another his note, and receives the note of a third person, indorsed by the payee in exchange, the insolvency of the maker of the latter may be shown by parol evidence, so as to defeat the recovery of the former.   It is only in an action by the indorsee against the indorser as such, that the inability of the maker to pay, must be shown by the production of an execution returned "no property found."   This results from the express provision of the statute.   [Clay's Dig. 383, § 16.]

To entitle the defendants to insist upon a failure of consideration, it was not necessary that Allen should have released the plaintiff from his indorsement, to the extent of the sum the latter is now seeking to recover.   If the plaintiff is unsuccessful in this case, he may claim a deduction *pro tanto*, if liable

upon his indorsement. The pendency of the action against him in Sumter cannot prejudice the defence which the defendants have interposed. That suit may well be prosecuted to recover the price of the negro, the purchase of which by the plaintiff, seems to have induced the transaction out of which the controversies between the parties arose.

If the Arringtons should ever become able to pay the judgment against them, and the plaintiff made liable as an indorser, he will be entitled to the judgment in order to reimburse himself. He cannot then object to the defence set up in this case, that a part of the judgment was not assigned, since, upon paying so much as Allen was entitled to, he will become its sole proprietor.

This view of the case will show that the plaintiff is not prejudiced by the adjudication of the legal questions in the Circuit Court. True, the law is not laid down with exact accuracy, but quite as favorable to the plaintiff as we have stated it. The admission of the record adduced by the defendants, and the charge in respect to it, related to an immaterial fact, and whether proper in the abstract, or not, could work no injury to either party.

The consequence is, that the judgment is affirmed.